```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF INDIANA
                     HAMMOND DIVISION
```

SAMUEL OPARA,                          )
                                       )
Petitioner,                            )
                                       )
vs.                                    )   NO. 2:03-CV-9
                                       )       (2:98-CR-47)
UNITED STATES OF AMERICA,              )
                                       )
Respondent.                            )

## OPINION AND ORDER

This matter is before the Court on the (1) Motion to Declare 28 U.S.C. § 2255 Judgement [sic.] as Premature, Null and Void, filed by Petitioner, Samuel Opara, on January 31, 2005 (hereinafter "Motion to Declare Section 2255 Judgment Void"); (2) Motion for Directing the District Court to Follow the Mandate-Opinion of Court of Appeals Setting Aside the Conviction and Sentence for Count VI of the Indictment and Schedule a Re-sentencing Hearing in Light of Booker/Fanfan Rule (hereinafter "Motion to Follow the Seventh Circuit's Mandate Opinion"), filed by Petitioner, Samuel Opara, on January 31, 2005; (3) Second Motion Directing the District Court to Follow the Mandate-Opinion of Court of Appeals Setting Aside the Conviction and Sentence for VI of the Indictment and Schedule a Re-Sentencing Hearing in Light of Booker/Fanfan Rule (hereinafter "Second Motion to Follow the Seventh Circuit's Mandate Opinion"), filed by

Petitioner, Samuel Opara, on May 5, 2005; and (4) Motion for Directing the District Court to Follow the Mandate-Opinion of Court of Appeals Setting Aside the Conviction and Sentence for Count VI of the Indictment and Schedule a Re-Sentencing Hearing in Light of Booker/Fanfan Rule (hereinafter "Third Motion to Follow the Seventh Circuit's Mandate Opinion"), filed by Petitioner Samuel Opara, on May 31, 2005.

For the reasons set forth below, Petitioner's Motion to Declare Section 2255 Judgment Void is **DENIED**.  Petitioner's Third Motion to Follow the Seventh Circuit's Mandate Opinion is **GRANTED IN PART AND DENIED IN PART**.  To the extent Petitioner requests a refund of the $100 special assessment fee imposed for Count 6, his Third Motion to Follow the Seventh Circuit's Mandate Opinion is **GRANTED**, and the Clerk is **ORDERED** to reduce the special assessment fee from $600 to $500. If the fee has already been collected from Petitioner, then his forfeiture proceedings should be credited $100.  Additionally, the Court **ORDERS** the Clerk to **SET ASIDE** Petitioner's Conviction on Count 6.  In all other respects, Petitioner's Third Motion to Follow the Seventh Circuit's Mandate Opinion is **DENIED**.  Finally, Petitioner's Second Motion to Follow the Seventh Circuit's Mandate Opinion is **DENIED AS MOOT,** and Petitioner's Motion to Follow the Seventh Circuit's Mandate Opinion is also **DENIED AS MOOT.**

BACKGROUND

Petitioner, Samuel Opara, was charged by a grand jury with conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base, commonly known as "crack," in violation of 21 U.S.C. sections 841(a)(1) and 846 (Count 1); four counts of distributing more than five grams of cocaine base, commonly known as "crack," in violation of 21 U.S.C. section 841(a) (Counts 2-5); and maintaining a crack house in violation of 21 U.S.C. section 856(a)(1) (Count 6). After a jury trial, Opara was convicted on all six counts of the criminal indictment and was sentenced on September 1, 2000, to 360 months of incarceration, plus five years of supervised release.

Specifically, Opara was sentenced to a term of 240 months for Count 1, and 120 months on each of Counts 2 through 6. Counts 2 through 6 were ordered to be served concurrently with each other and consecutively to Count 1. Regarding the supervised release, Opara was sentenced to 5 years on each of counts 1 through 5, and a 3 year term on Count 6, all terms to run concurrently. A special assessment fee of $600 was imposed ($100 on each of the 6 counts). Additionally, this Court determined that, as a result of the offenses in Counts 1-6 of the superseding indictment, Petitioner should forfeit his property interest in the following property named in the forfeiture allegation: 3928 Jefferson Street, 3980 Washington Street, 4844 Delaware Street, 3749 Washington Street, 4145 Washington Street, 3912 Madison, and 3570 Lincoln Street.

Opara appealed his conviction. The Government conceded that the evidence was insufficient to support Opara's conviction on Count 6, and on September 28, 2001, the Seventh Circuit set aside Opara's conviction for maintaining a crack house. *See United States v. Opara*, No. 00-3380, 2001 WL 1173239 (7th Cir. Sept. 28, 2001). However, the Seventh Circuit Court of Appeals rejected every other issue Opara raised in the appeal, and the Seventh Circuit affirmed Opara's sentence.

On January 6, 2002, Opara timely filed a section 2255 petition, collaterally attacking his sentence. On January 10, 2005, this Court denied Opara's section 2255 petition.

Opara filed the first two instant motions (his Motion to Declare Section 2255 Judgment Void, and the Motion to Follow the Seventh Circuit's Mandate Opinion) on January 31, 2005. Opara indicates that, in light of *United States v. Booker and Fanfan*, 125 S. Ct. 738 (Jan. 12, 2005), he seeks to declare the section 2255 judgment as premature, null and void pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)(4). Opara also attempts to set aside his conviction and sentence, and requests another sentencing hearing, on the basis that the Seventh Circuit set aside his conviction on Count 6. Opara also filed a Second Motion to Follow the Seventh Circuit's Mandate Opinion on May 5, 2005, and a Third Motion to Follow the Seventh Circuit's Mandate Opinion on May 31, 2005.

The Government filed a response to Opara's Motion to Declare

-4-

Section 2255 Judgment Void on April 1, 2005, arguing that *Booker* is not retroactive.  Additionally, on May 23, 2005, the Government filed a supplemental response to Opara's Second Motion to Follow the Seventh Circuit's Mandate Opinion.

DISCUSSION

Opara argues that the *Booker/Fanfan* rule compels that his conviction be set aside, and that he be resentenced in light of the Seventh Circuit's mandate setting aside the conviction for Count 6.  In support, Opara cites to Rule 59(e) and Rule 60(b).

To the extent Opara's Motion to Declare Section 2255 Judgment Void is characterized as a motion under Rule 59(e), it fails.  Opara essentially argues that this Court's denial of Opara's 2255 petition on January 10, 2005, was premature and should be reconsidered because the Seventh Circuit set aside Opara's conviction for maintaining a crack house.  *See Opara*, 2001 WL 1173239, at *1.  Thus Opara requests a resentencing hearing, and maintains that the judgment on his 2255 petition should be reconsidered.

A motion filed within 10 days after the judgment is, regardless of the label, to be treated as a Rule 59(e) motion.  *Charles v. Daley*, 799 F.2d 343, 347 (7th Cir. 1987) ("all substantive motions served within 10 days of the entry of a judgment will be treated as based on Rule 59"); *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1121 n.3 (7th Cir. 2001).  A substantive motion is considered one that if

granted would result in a substantive alteration in the judgment rather than just in a correction of a clerical error or in a purely procedural order such as one granting an extension of time within which to file something. *Charles*, 799 F.2d at 347.

Rule 59(e) states that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Here, Opara certifies that his motion was mailed on January 19, 2005, consistent with the pro se mailbox rule, and less than 10 days after the denial of his 2255 petition. *See Edwards v. United States*, 266 F.3d 756, 758-59 (7th Cir. 2001) (holding the mailbox rule applies to a pro se prisoner's filing of a motion under Rule 59(e)). In general, a Rule 59(e) motion may be granted on four grounds: (1) to correct manifest errors of law or fact upon which the judgment is based; (2) to present newly discovered evidence or previously unavailable evidence; (3) to prevent manifest injustice; and (4) if justified by an intervening change in controlling law. Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2810.1 (2d ed. 1995). The Seventh Circuit's opinion was decided in 2001, and Opara has not presented the Court with any new facts or grounds warranting reconsideration of the denial of his section 2255 petition.

Opara also contends that resentencing is necessary in light of *Booker*, implying that his Rule 59(e) motion should be granted because of an intervening change in law. As pointed out by the Government, the Seventh Circuit has concluded that "Booker does not apply

retroactively to criminal cases that became final before its release on January 12, 2005." *McReynolds v. United States*, No. 04-2520, 2005 WL 237642, *2 (7th Cir. Feb. 2, 2005).  However, in the unlikely event the Supreme Court makes such claims retroactively applicable to cases on collateral review, Opara will be able to attempt to pursue such claims by filing a successive 2255 motion.  *See Simpson v. United States*, 376 F.3d 679, 682 (7th Cir. 2004) (advising would-be section 2255 petitioner to file successive section 2255 motion if Supreme Court makes *Blakely* retroactive to cases on collateral review).

This Court will address the substance of each of Opara's contentions in his Third Motion to Follow the Seventh Circuit's Mandate Opinion in which Opara requests a resentencing hearing.  It is true that:

> [T]he general rule [is] that, when an appellate court affirms some counts and reverses others, it is open to the district court to resentence in order to effectuate the original sentencing intent.

*United States v. Shue*, 825 F.2d 1111, 1113 (7th Cir. 1987) (citations omitted).  In some cases, resentencing may be appropriate if the sentencing "package" is "undbundled"; however, it is possible in some cases for the Seventh Circuit to reverse on some issues, and not unbundle the sentencing package.  *United States v. Smith*, 103 F.3d 531, 534 (7th Cir. 1996).

In this case, it is important to note that although the Seventh Circuit set aside Opara's conviction on Count 6, for maintaining a

crack house, the Seventh Circuit did not vacate Opara's sentence or remand to the district court.  Rather, the Seventh Circuit affirmed Opara's sentence.  *Opara*, 2001 WL 1173239, at *1.  Opara was sentenced to serve Counts 2 through 6 concurrently with each other, and consecutively to Count 1.  Consequently, reversal of Count 6 has no effect on the length of Opara's sentence - he still must serve 240 months for Count 1, and 120 months (concurrently for Counts 2-5). Similarly, because Opara must serve 5 years of supervised release concurrently for Counts 1-5, the 3 year concurrent term for Count 6 has no impact on the length of his supervised release.  The forfeiture judgment also is not affected, because it is based upon all of the allegations in the superseding indictment.

Citing to 18 U.S.C. section 3584, Opara contends that Counts 2-5 (distributing more than five grams of crack, in violation of 21 U.S.C. section 841(a)), are substantive distribution offenses that are the subsets or the sole objectives of Count 1 (conspiracy to possess with intent to distribute 50 grams or more of crack, in violation of 21 U.S.C. section 846).  In other words, Opara argues that after the Seventh Circuit set aside the conviction on Count 6, his terms of imprisonment on Counts 2-5 cannot run consecutively because they are the sole objective of the conspiracy.

Section 3584 provides, in pertinent part, that:

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of

> imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively **for an attempt and for another offense that was the sole objective of the attempt.**

18 U.S.C. § 3584 (emphasis added).  Section 3584(a) specifically permits a sentencing court to impose either concurrent or consecutive sentences, except where one offense is an attempt and the other the object of the attempt.  Opara was sentenced for four separate violations of distributing drugs (Counts 2-5), and a conspiracy to distribute drugs (Count 1).  He was not sentenced for an attempt and for another offense that was the sole objective of the attempt.  *See, e.g., United States v. Kapaev*, 199 F.3d 596, 599 (2d Cir. 1999)(finding legislative history clear that "Congress specifically rejected a complete bar on consecutive sentences for an offense and for a conspiracy to commit the same offense.").  Therefore, section 3584(a) is inapplicable to this case, and Opara's consecutive terms on Counts 2-5 are proper.  Opara raises for the first time in his reply in support of the Third Motion to Follow the Seventh Circuit's Mandate Opinion an argument based on double jeopardy.  Because this argument is raised for the first time in his reply brief, the Court will not consider it.  *See Morrison v. Duckworth*, 929 F.2d 1180, 1183 n.3 (7th Cir. 1991).

 Finally, this Court rejects Opara's claim that 28 U.S.C. section 994(v) requires that he be resentenced.  Section 994(v) states that:

> The Commission shall ensure that the general policy statements promulgated pursuant to

> subsection (a)(2) include a policy limiting consecutive terms of imprisonment for an offense involving a violation of a general prohibition and for an offense involving a violation of a specific prohibition encompassed within the general prohibition.

28 U.S.C. § 994(v). The Court notes that Opara's convictions do not consist of a general and specific prohibition, and the offenses that run consecutively are not subsets of each other. Consequently, Opara's sentence is not improper. The Court therefore denies Opara's request to schedule a resentencing hearing.

However, to the extent Opara seeks clarification of the Seventh Circuit's ruling in his Third Motion to Follow the Seventh Circuit's Mandate Opinion, this Court recognizes that Count 6 of Opara's conviction is set aside. The Government concedes that any funds payed toward the $100 special assessment for Count 6 should be refunded to Opara in light of the Seventh Circuit's opinion. This Court finds it appropriate to grant Opara's request for a refund of the special assessment fee imposed for Count 6. This Court originally determined Opara should be assessed a $600 fee based upon the 6-count conviction. In light of the Seventh Circuit's setting aside the conviction on Count 6, the special assessment fee should be reduced to $500.[1] If

---

[1] Opara's reliance upon *Rutledge v. United States*, 517 U.S. 292 (1996), for the proposition that his $100 special assessment fee should be refunded, is misplaced. *Rutledge* involved convictions for both a conspiracy in violation of 21 U.S.C. section 846 and a continuing criminal enterprise in violation of 21 U.S.C. section 848. The section 846 conspiracy was held to be a lesser included offense of the section 848 violation. Because it was a lesser included offense, the Court ruled it was improper

-10-

the fee has already been collected from Opara, then his forfeiture proceedings should be credited $100.

Finally, to the extent Opara claims that his Motion to Declare Section 2255 Judgment Void is one under Rule 60(b), the motion would fail for lack of jurisdiction because Opara must first seek and receive permission from the Seventh Circuit to file a second collateral attack on either his conviction or sentence. *See* 28 U.S.C. § 2255; *Dunlap v. Litscher*, 301 F.3d 873, 875-77 (7th Cir. 2002) (explaining how 28 U.S.C. section 2255, paragraph 8, is "clear and bar[s] a district court from using Rule 60(b) to give a prisoner broader relief from a judgment rendered by the court in the prisoner's [2255] proceeding,"); *Harris v. Cotton*, 296 F.3d 578, 579-80 (7th Cir. 2002) (explaining how "[p]risoners are not allowed to avoid the restrictions . . . by styling their collateral attacks as motions for reconsideration under Rule 60(b). There must be no circumvention of those restrictions by classifying a collateral attack as a Rule 60(b) motion.") (citations omitted); *see also Curry v. United States*, 307 F.3d 664 (7th Cir. 2002). To the extent Opara requests to vacate his sentence in accordance with Rule 60, his request is dismissed for lack of jurisdiction.

---

to impose punishment for both the section 846 and 848 violations.
In this case, none of Opara's convictions were a lesser included
offense of another conviction.

CONCLUSION

For the aforementioned reasons, Petitioner's Motion to Declare Section 2255 Judgment Void is **DENIED**. Petitioner's Third Motion to Follow the Seventh Circuit's Mandate Opinion is **GRANTED IN PART AND DENIED IN PART**. To the extent Petitioner requests a refund of the $100 special assessment fee imposed for Count 6, his Third Motion to Follow the Seventh Circuit's Mandate Opinion is **GRANTED,** and the Clerk is **ORDERED** to reduce the special assessment fee from $600 to $500. If the fee has already been collected from Petitioner, then his forfeiture proceedings should be credited $100. Additionally, the Court **ORDERS** the Clerk to **SET ASIDE** Petitioner's Conviction on Count 6. In all other respects, Petitioner's Third Motion to Follow the Seventh Circuit's Mandate Opinion is **DENIED**. Finally, Petitioner's Second Motion to Follow the Seventh Circuit's Mandate Opinion is **DENIED AS MOOT,** and Petitioner's Motion to Follow the Seventh Circuit's Mandate Opinion is also **DENIED AS MOOT.**

**DATED: July 8, 2005**                                **S/RUDY LOZANO, Judge**
                                                       **United States District Court**