```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF INDIANA
                   HAMMOND DIVISION
```

```
UNITED STATES OF AMERICA,      )
                               )
    v.                         )        No. 2:98-CR-47
                               )
SAMUEL OPARA,                  )
```

## OPINION AND ORDER

This matter is before the Court on two identical motions entitled "Motion to Expunge the Judgment and Order to Release the Petitioner from Prison, or in the Alternative, Enter the Judgment on a Docket in Accordance with Civil Rule 58(a)(1) and 79(a), and Give Up the Jurisdiction for Appeal" (D.E. #s 290 and 291) filed by Samuel Opara on March 27, 2007, and March 28, 2007.  In these motions, Opara argues that he does not have to serve his sentence because the judgment and commitment order was not properly entered. Opara also requests this Court to enter a judgment and commitment order if the Court decides not to expunge judgment and order his release.

The Court will treat these instant motions as motions pursuant to 28 U.S.C. § 2255 because they challenge the Defendant's sentence, a claim within the scope of a § 2255 motion. *See U.S. v. Canino,* 212 F.3d 383, 384 (7th Cir. 2000)("Motions nominally under a Rule of Criminal Procedure, but raising arguments within the scope of § 2255, must be treated as collateral attacks and

dismissed if the petitioner has filed a prior collateral attack."); *see also Gonzalez v. Miner*, No. 1:06-CV-1551, 2006 WL 2516404, *2 (M.D. Pa. August 23, 2006) (holding that a petition challenging the validity of a judgment and commitment order challenges the validity of the sentence and, therefore, raises issues within the scope of § 2255). The Court, however, notes that the Judgment and Commitment Order in this case was properly entered on September 12, 2000 (D.E. # 235), and Opara's requests for relief would be denied even if his motions were not construed as motions pursuant to 28 U.S.C. § 2255.

In this case, Opara filed a motion pursuant to 28 U.S.C. § 2255 on January 6, 2002 (D.E. # 251). Accordingly, the currently pending motions are second or successive § 2255 motions, which must be "certified as provided in section 2244 by a panel of the appropriate court of appeals" before this Court has jurisdiction. 28 U.S.C. § 2255; *Nunez v. U.S.*, 96 F.3d 990, 991 (7th Cir. 1996)("A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing" (emphasis in original)). Because Petitioner's instant motion has not been certified as required by 28 U.S.C. § 2255, the instant motions are **DISMISSED.**

**DATED: March 5, 2008**                    **/s/ RUDY LOZANO, Judge**
                                            **United States District Court**